# STATE OF FLORIDA v BERRIE and OWLETT

## Case Nos. CF86-3158A2-XX and CF86-31583-XX

Tenth Judicial Circuit, Polk County

December 31, 1986

### APPEARANCES OF COUNSEL

**Office of the State Attorney** for plaintiff.

**Larry Shearer,** Assistant Public Defender, and **Anne H. Kaylor,** court-appointed counsel, for defendants.

### OPINION OF THE COURT

CAROLYN K. FULMER, Circuit Judge.

### *ORDER GRANTING DISCHARGE*

This matter came before the Court upon Defendants', Roxanne

Berrie and Chris Owlett, Motions to Discharge on Right to Speedy Trial Without Demand. Defendants were taken into custody June 17, 1986. The 175 day period for bringing the Defendants to trial expired December 9, 1986. The pretrial conference in this case was held December 16, 1986, and the case was scheduled for jury trial to be held January 5, 1987. The Defendants did not raise their speedy trial claim at the pretrial conference. The motions were filed with the Court in the late afternoon of Wednesday, December 17, 1986 and were scheduled for hearing on Friday, December 19, 1986.

At the hearing, the Court determined that there are no exceptional circumstances which require or permit an extension of the 175-day period. Therefore, the Court is required to bring the Defendants to trial within 15 days from the date of the filing of the motion. However, the Tenth Judicial Circuit does not summon jurors during the last two weeks in December because of the holidays. Thus, the Court is unable to schedule this case for jury trial within the time period required by Rule 3.191(i).

In *Crane v. Simpson*, 352 So.2d 1248 (Fla. 1st DCA 1978), the First District Court of Appeal affirmed a ruling that the two week Christmas recess observed in the Duval County courts did constitute exceptional circumstances which authorized extension of the speedy trial period. However, that case addressed the exceptional circumstance provisions of the rule as applied to the initial speedy trial time period. In the case before this Court, it is undisputed that the speedy trial time period has expired. Thus, the issue presented by this case is whether the exceptional circumstance provision of the rule can be applied to extend the 15-day period of recapture provided for in subsection (i). Apparently, there are no appellate decisions which address this issue. However, this issued was reviewed by Professor John Yetter in his law review article, *Florida's New Speedy Trial Rule: The "Window of Recapture"*, 13 Fla. St. U.L. Rev. 9, 20-21 (1985). As Professor Yetter points out:

> "If the language of the rule is strictly construed, the exceptional circumstance provision would apply to the window of recapture. Rule 3.191(d)(2) states that '[t]he periods of time established by this Rule may be extended. . .' The 1984 amendment did not exempt the window provision from (d)(2), although the commentary clearly states a rationale which would preclude extensions. The problem is that the extension provisions were placed in the rule when there was no window; the assumption was that the prosecution would recognize the need for an extension before the speedy trial time expired. Extensions could not be used to excuse a failure to comply with the time limits *after* they had expired. Rule 3.191(d)(2) permits extension

only if the 'time sought to be extended has not expired at the time the extension was procured.' Thus, the rule contemplated a prosecutor who was vigilantly observing the speedy trial constraints but encountered unforeseen circumstances which in the interests of 'substantial justice' required the extension of the time limits.

Therefore, both the original rationale for the 'exceptional circumstance' provision and the reality that applying it to the window would render that concept more or less meaningless argue strongly against the provision's applicability.

It is worth repeating that in these cases the basic speedy trial time will have been violated. Rule 3.191(f) specifies that '[e]xceptional circumstances shall not include . . . *avoidable or foreseeable delays*,' and the fourth exceptional circumstance covers 'developments which *could not have been anticipated* and which will materially affect the trial. . . .' The violation of the basic speedy trial time could have been anticipated and avoided. It is this violation which triggers the window provision. Consequently, Rule 3.191(d)(2) and (f) should not apply."

This Court agrees with Professor Yetter's analysis of the rule and finds that the period of time set forth in subsection (i) of the rule may not be extended by exceptional circumstances. Further, even if the time period could be extended, this Court finds that a Christmas trial recess is so closely akin to a congested court docket that it should not be considered an exceptional circumstances. It is therefore,

ORDERED that the Motions to Discharge are granted.

DONE AND ORDERED in Chambers at Bartow, Polk County, Florida, this 31st day of December, 1986.